IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



**BRIAN RAY DINNING,**

Petitioner

v.

CRIMINAL ACTION NO.: **2:12CR84**
**2:12CR140**
CIVIL ACTION NO.: **2:15CV420**
**2:15CV421**

**UNITED STATES OF AMERICA,**

Respondent.

*MEMORANDUM OPINION AND ORDER*

Before the Court is a Motion submitted pursuant to Title 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Petition"), filed by *pro se* litigant Brian Ray Dinning ("Petitioner"). For the reasons set forth below, Petitioner's § 2255 Petition is **DENIED.**

## I. FACTUAL AND PROCEDURAL HISTORY

On June 6, 2012, Petitioner was indicted and charged with twenty-five counts of Wire Fraud in violation of 18 U.S.C. § 1343 in criminal case 2:15CR84. On September 19, 2012, Petitioner was indicted and charged with two counts of Bank Fraud in violation of 18 U.S.C. § 1344 in criminal case 2:15CR140. On January 4, 2013, the two indictments were consolidated into a single case; and, on January 17, 2013, after being reassigned to and recused by the many district judges in the Norfolk Division, the case was reassigned to District Judge Raymond A. Jackson, the sole remaining available district judge.

On June 3, 2013, Petitioner pleaded guilty to Count 19 of the wire fraud indictment and Count 2 of the bank fraud indictment. On October 7, 2013, the Court sentenced Petitioner to

1

eighty (80) months on Count 19, and seventy (70) months on Count 2, to be served consecutively for a total term of one hundred fifty (150) months, an upward variance of the United States Sentencing Guidelines ("Sentencing Guidelines"). On October 8, 2013, Petitioner filed a Notice of Appeal *pro se*. On June 13, 2014, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") affirmed Petitioner's convictions and dismissed Petitioner's appeal. *United States v. Dinning*, 576 Fed. Appx. 149 (4th Cir. 2014) (*per curiam*); ECF No. 98. The Fourth Circuit denied Petitioner's motion for rehearing *en banc* on August 4, 2014. ECF No. 100.

On September 10, 2015, Petitioner, acting *pro se*, filed the instant § 2255 Petition. ECF No. 106. On January 15, 2016, the Government filed its Response, ECF No. 112, and on February 5, 2016, Petitioner filed his Reply, ECF No. 116.

The § 2255 Petition, its accompanying Memorandum, and Exhibits total upwards of five hundred twenty (520) pages, ECF No. 106; ECF No. 107, alleging several grounds for relief consolidated and summarized as follows: (1) Petitioner was prejudiced by ineffective assistance of counsel in nearly every aspect of the proceedings; (2) Petitioner suffered violations of his First Amendment rights when the Court ordered portions of his blog and website removed; (3) Petitioner's plea was not knowing, voluntary, or intelligent, and the Government breached the resulting Plea Agreement; (4) Petitioner's sentence exceeded the maximum allowed by law and was a departure without proper notice afforded to Petitioner; (5) Petitioner's sentence was wrongly calculated under the Sentencing Guidelines; and (6) Petitioner is legally and factually innocent. Additionally, Petitioner moves to have his case reassigned to a new judge.

The Government refutes Petitioner's claims and argues that none have merit. The Government argues that judicial scrutiny of counsel's performance should be highly deferential with a strong presumption that counsel's conduct was within the realm of reasonable

professional assistance. The Government argues that decisions of Petitioner's trial counsel—particularly to call certain witnesses and pursue legal claims—are within the sound discretion of counsel as tactical strategy. Furthermore, the Government argues that Petitioner was not prejudiced by trial counsel because Petitioner, in addition to being a practicing attorney and active member of the Virginia bar, timely filed his Notice of Appeal *pro se* and later obtained new appellate counsel. As evidenced by the signed Plea Agreement, signed Statement of Facts, and Rule 11 hearing and colloquy, the Government contends that Petitioner's plea was both voluntary and intelligent, and Petitioner's claims that he is legally and factually innocent are not available to collateral attack under a § 2255 motion. The Government refutes as factually untrue Petitioner's allegations that Petitioner's trial counsel did not review the plea with him and that Petitioner did not answer during the colloquy. Additionally, the Government denies any spoliation of evidence by either party, argues that all evidence, including *Brady* and *Giglio* materials, were exchanged in discovery, and claims that no suppression of said materials occurred.

## II. LEGAL STANDARDS

### A. Section 2255 Generally

Section 2255 of Title 28 of the United States Code provides prisoners in federal custody a means of collateral attack against their sentence as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255(a). It is within the discretion of the district court to deny § 2255 motions

without a hearing. *Raines v. United States*, 423 F.2d 526, 529-31 (4th Cir. 1970). When deciding

a § 2255 motion, the court must grant a prompt hearing "[u]nless the motion and the files and

records of the case conclusively show that the prisoner is entitled to no relief," *id.* § 2255(b);

however, the petitioner bears the burden of proving his claim by a preponderance of the

evidence, *see Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Additionally, *pro se*

filers are entitled to a more liberal construction of their pleadings. *Gordon v. Leeke*, 574 F.2d

1147, 1151 (4th Cir. 1978).

Motions under § 2255 "will not be allowed to do service for an appeal." *Sunal v. Large*,

332 U.S. 174, 178 (1947). For this reason, issues already fully litigated on direct appeal may not

be raised again under the guise of a collateral attack. *Boeckenhaupt v. United States*, 537 F.2d

1182, 1183 (4th Cir. 1976). Ineffective assistance of counsel claims, however, should generally

be raised in a collateral motion instead of on direct appeal. *United States v. Richardson*, 195 F.3d

192, 198 (4th Cir. 1999).

## B. Timeliness of Section 2255 Motion

Before a § 2255 motion proceeds to the merits, it must surpass a time-bar. Title 28,

United States Code, Section 2255 provides in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The
> limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by
> governmental action in violation of the Constitution or laws of the United States
> is removed, if the movant was prevented from making a motion by such
> governmental action;

(3) the date on which the right asserted was initially recognized be the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). To determine whether Petitioner has timely filed his motion, the Court must measure one year from the most recent date provided by § 2255(f) subsections (1) through (4).

## C. Ineffective Assistance of Counsel

An ineffective assistance of counsel claim requires that "the counsel's conduct so undermined the proper functioning of the adversarial process that the trial did not result in a just outcome." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). *Strickland* establishes a two-part test: (1) the petitioner must show that counsel's performance was so deficient as to not fulfill Sixth Amendment guarantees; and (2) the petitioner must show that the counsel's deficient performance resulted in a prejudice to the defense so serious as to deprive petitioner of a fair trial. *Id.* at 687. Ineffective assistance is not met unless the petitioner establishes each prong. *Id.* The standard of attorney performance is that of reasonably effective assistance measured by an objective standard under the prevailing professional norms. *Id.* at 687-88. "Judicial scrutiny of counsel's performance must be highly deferential," and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Furthermore, that presumption is even greater when counsel's decisions represent strategic, tactical decisions requiring "assessment and balancing of perceived benefits against perceived risks." *United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004). Finally, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgement of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691.

## III. DISCUSSION

### A. Timeliness of Motion

The instant § 2255 Petition is timely under § 2255(f)(1). The Fourth Circuit entered Judgment on June 13, 2014, ECF No. 98, and denied Petitioner's motion for rehearing *en banc* on August 4, 2014, ECF No. 100. For purposes of a § 2255 motion, "a judgment of conviction becomes final when the time expires for filing a petition for certiorari." *Clay v. United States*, 537 U.S. 522, 524-25 (2003). A petition for certiorari must be filed within ninety (90) days of a judgment from a United States Court of Appeals, running from the date of entry of judgment, not the issuance date of the mandate. SUP. CT. R. 13(1)-(3). Thus, when Petitioner did not file a petition for writ of certiorari in the Supreme Court of the United States, his conviction became final for the purpose of § 2255 on September 11, 2014. *See United States v. Sosa*, 364 F.3d 507, 509 (4th Cir. 2004). Although the instant motion was not filed by the clerk until September 14, 2015, ECF No. 106, past the one-year period of limitations set by final judgment, the time stamp on Petitioner's envelope indicates he placed the motion into the U.S. mail on September 10, 2015. Under the prison mailbox rule, "a *pro se* litigant's legal papers are considered filed upon 'delivery to prison authorities, not receipt by the clerk.'" *United States v. McNeill*, 523 Fed. Appx. 979, 981 (4th Cir. 2013) (quoting *Houston v. Lack*, 487 U.S. 266, 275 (1988)). Thus, the instant § 2255 Petition is timely under § 2255(f)(1).

### B. Ineffective Assistance of Counsel

Petitioner argues that he suffered from ineffective assistance of counsel throughout his proceedings and couches these allegations to raise several issues outside the bounds of a § 2255 protections. "The general rule is that the writ of habeas corpus will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178 (1947). Furthermore, Petitioner fails to

6

establish that counsel's conduct either was deficient or prejudicial under the *Strickland* standard; thus, his motion is denied.

### 1. Counsel's Conduct Was Not Deficient

Petitioner fails to demonstrate that his trial counsel was so deficient as to strip him of Sixth Amendment protections. *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

First, Petitioner claims he suffered *per se* Sixth Amendment violations of ineffective assistance of counsel when his trial counsel failed to file a notice of appeal when requested. Petitioner correctly argues that *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993), established *per se* ineffective assistance of counsel when counsel fails to file a notice of appeal when requested. However, *United States v. Robertson*, 196 Fed. Appx. 216 (4th Cir. 2006) (per curiam), on which Petitioner also relies, requires that petitioner demonstrate that "but for counsel's ineffectiveness, an appeal would have been filed," *id.* at 217. Petitioner successfully filed a notice of appeal *pro se* and obtained new appellate counsel. For that reason, Petitioner did not suffer a Sixth Amendment violation when his trial counsel failed to file a notice of appeal.

Second, Petitioner claims his trial counsel failed to object to "every error, violation or omission in [his] criminal process and at sentencing," ECF No. 107, at 2, and failed to consult necessary specialists, witnesses, and experts as promised. The Government argues that decisions of Petitioner's trial counsel—particularly to call certain witnesses and pursue legal claims—are within the sound discretion of counsel as a tactical decision. Petitioner relies partly on *Hinton v. Alabama*, 134 S. Ct. 1081, 1088 (2014), which found ineffective assistance of counsel when counsel failed to hire an expert. However, in *Hinton*, counsel failed to call the expert not for strategic concerns, but for a mistaken belief that funding was unavailable. *Id.* There is a strong presumption that calling of witnesses is a strategic decision by counsel, and that presumption is

7

even stronger when that decision calls for weighing benefits and risks of potential witnesses. *United States v. Terry*, 366 F.3d 312 (4th Cir. 2004). Selecting witnesses is "a classic tactical decision left to counsel," and "not unreasonable simply because the client expressed a contrary view." *United States v. Chapman*, 593 F.3d 365, 369 (4th Cir. 2010).

Furthermore, beyond the strong presumption that counsel's conduct is reasonable, many of the objections and claims made by Petitioner conflict with the record. Petitioner argues that trial counsel failed to request a lesser sentence, did not object to calculations of loss and restitution at the sentencing stage, and failed to advise Petitioner regarding his plea. However, trial counsel not only demanded the Plea Agreement include a provision to request a downward variance sentence, ECF No. 53, at 4 (written by hand in the margin), but also advocated for a variance of thirty (30) months followed by a period of home confinement, Sentencing Mem., ECF No. 71, at 14. Counsel objected to restitution and loss amounts in the Presentence Investigation Report, ECF No. 68, the Position on Sentencing, ECF No. 71, and the Opposition to Motion to Correct Sentence as to Restitution, ECF No. 81. Counsel objected to and presented argument regarding both the sophisticated means enhancement and charitable organizations enhancement. *Id.* at 3-4. Additionally, counsel argued his position on § 3553(a) factors and listed witnesses—including doctors, partners, family, and friends—whom he intended to call to support Petitioner. *Id.* at 7-14. Prior to sentencing, counsel placed in the record letters from various friends, family, and others speaking on behalf of Petitioner. ECF No. 72; ECF No. 73.

During his plea colloquy, Petitioner admitted under oath that he read and initialed each page of the agreement, read every provision and paragraph with counsel, was not forced or coerced, and that it was his individual decision to plead. ECF No. 63, at 4, 6-7. Despite Petitioner's later claims that counsel admitted meritorious defenses and did not discuss these

8

with him, in the plea colloquy counsel admitted he advised Petitioner of available meritorious

defenses and announced to the Court that Petitioner wanted to plead anyway. *Id.* 20-21. Then,

when questioned individually, Petitioner acknowledged the same—defenses were available but

he wanted to continue with the plea by his individual decision.[1]

Finally, Petitioner's remaining claims of deficient counsel have no merit. Even if counsel

did not advise Petitioner of his appellate rights contrary to facts in the Plea Agreement, ECF No.

53, and colloquy, ECF No. 63, Petitioner filed an appeal, ECF No. 85, to which the Fourth

Circuit affirmed the conviction, *United States v. Dinning*, 576 Fed. Appx. 149 (4th Cir. 2014).

The decision to consolidate cases is tactical; there is no guarantee that such a decision makes a

concurrent sentence less likely—the opposite may be true—and the decision to make sentences

concurrent or consecutive is left to the court. Finally, beyond Petitioner's own allegations, there

is no evidence suggesting counsel neglected to show evidence to Petitioner, nor colluded and

engaged with the government in the spoliation of evidence.

As such, Petitioner does not make a sufficient showing that his trial counsel deficiently

failed to call witnesses and experts, nor that doing so was outside the realm of strategy.

"[S]trategic choices made after thorough investigation of law and facts relevant to plausible

---

[1] As indicated in the Sentencing Transcript, Petitioner chose to proceed, despite knowing a meritorious defense may
have been available:

    THE COURT: Mr. Dinning, do you understand your counsel advised you there was some meritorious
    defense you might assert?

    THE DEFENDANT: Yes, Your Honor.

    THE COURT: Did you understand what he was saying?

    THE DEFENDANT: Yes, I did.

    THE COURT: Did you make a decision you wished to go forward with the plea?

    THE DEFENDANT: Yes, I did.

Tr. of Sentencing Hearing, ECF No. 63, at 20-21.

options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690-91. Furthermore, Petitioner pleaded guilty and, as will be discussed below, did not suffer prejudice regardless of counsel's alleged ineffective assistance.

### 2. Counsel Did Not Prejudice Petitioner

Petitioner was not prejudiced. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Even if a counsel's assistance was defective, it was not ineffective unless it "actually had an adverse effect on the defense." *Id.*

First, as to the appeal waiver, Petitioner cannot claim he was prejudiced. Even if counsel failed to advise him of the appeal waiver in place in the Plea Agreement and failed to file a notice of appeal, Petitioner, a licensed attorney, successfully filed a Notice of Appeal *pro se*. ECF No. 85.

Second, Petitioner claims he would have gone to trial but for the advice of counsel. *Hill v. Lockhart*, 474 U.S. 52 (1985), requires that "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 58-59. However, there is a "fundamental interest in the finality of guilty pleas." *Id.* at 58. In the prejudice inquiry, claims of failure to present exculpatory evidence or to present an affirmative defense are weighed against the likelihood that counsel would have advised Petitioner to change his plea, which "will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial." *Id.* at 59. Despite Petitioner's allegations that his trial counsel did not

advise him whether to plead guilty and that optimistic comments misrepresented the likelihood of success, Petitioner's claims do not rise to the level of reasonable probability that the outcome of a trial would be any different. As discussed above, trial counsel did advise Petitioner of meritorious defenses available to him. Additionally, the comments on which Petitioner relies are presented as part of his exhibits to the § 2255 Petition, and not corroborated beyond allegations and letters. ECF No. 107, at 95. Furthermore, counsel admitted to his own doubts of success at the time. *Id.* Despite this knowledge and doubt, Petitioner, a practicing attorney and former adjunct law professor with an LLM, individually decided to plead anyway and stipulated to the facts in the record in the Statement of Facts. ECF No. 63, at 20-25. The exculpatory evidence that Petitioner offers does nothing more than allege perjury on the account of one witness, and account for the existence of Petitioner's businesses. ECF No. 107, Ex. B ¶ 44, Ex. E. The Government, however, does not dispute—and even admits—some of these businesses were legitimate. ECF No. 54, at 1-2. This is not enough to suggest a trial would reasonably have a different result.

Because Petitioner fails to demonstrate deficient conduct of counsel and actual prejudice as to the outcome of his proceedings, Petitioner's claim of ineffective assistance of counsel does not meet the burden imposed under the *Strickland* and *Hill* standards and is denied.

### C. Petitioner's First Amendment Rights Were Not Violated

Petitioner alleges that the Court and the Government violated his First Amendment rights through an impermissible prior restraint when he was forced to remove portions of his blog and website. Petitioner's claim has several components. First, Petitioner alleges the removal prevented him from displaying his defense to the public, particularly evidence documenting threats against himself, his family, and others, and perjury by witnesses, the Government, and the

court. Second, he argues that the Court and the Government impermissibly used a civil statute to

remove the contents of his blog and website. These factors together, the Petitioner alleges,

tainted the entire trial process in violation of *Neder v. United States*, 527 U.S. 1 (1999).

*Neder*, however, held that failure to instruct a jury on an element of materiality was

harmless error, noting that "most constitutional errors can be harmless." *Id.* 8, 19-20. Despite

Petitioner's claims that this alleged error is "structural," ECF No. 108 *passim*, the alleged

violation is merely a "trial error" because the error—if any—affects not the structural framework

of the trial mechanism from beginning to end, but the presentation of evidence. *See Brecht v.*

*Abrahamson*, 507 U.S. 619, 629-30 (1993); *see also Arizona v. Fulminante*, 499 U.S. 279, 309-

10 (1991). Furthermore, there is a strong presumption that if a defendant had counsel and an

impartial adjudicator, that any constitutional error is subject to harmless-error analysis, with the

exception of a few limited cases: denial of counsel, a biased judge, racial discrimination, denial

of self-representation, denial of public trial, and defective reasonable-doubt instruction. *Neder*,

527 U.S. at 8.

Rather, the content was restrained to prevent defamation of potential witnesses and

victims, pursuant to 18 U.S.C. § 1514 which reads:

> A United States district court, upon application of the attorney for the
> Government, shall issue a temporary restraining order prohibiting harassment of a
> victim or witness in a Federal criminal case if the court finds, from specific facts
> shown by affidavit or by verified complaint, that there are reasonable grounds to
> believe that harassment of an identified victim or witness in a Federal criminal
> case exists.

18 U.S.C. § 1514(a)(1). The argument that a civil action was inappropriate is moot; the restraint

was an exact application of the statute, and the Government sought to restrain only the

defamatory content. Petitioner's claims that the alleged First Amendment violations were used in

sentencing will be addressed below. Petitioner's attempt to vacate, set aside, or correct sentence based on an alleged First Amendment violations is denied.

**D. Petitioner's Plea Agreement Was Voluntary and Intelligent, and Not Breached by the Government**

Petitioner claims that the Plea Agreement is invalid. As stated above, issues already fully litigated on appeal may not be raised again in the form of collateral attack. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). On direct appeal in this case, the Fourth Circuit held "the Government did not plainly breach the plea agreement." *Dinning*, 576 Fed. Appx. at 151. As such, claims of the Government's breach are unavailable to collateral attack. When the Government did not breach the agreement, it will be enforceable as long as it was voluntary and intelligent. *See id.* Petitioner now attempts to demonstrate the plea was not voluntary and intelligent for several reasons: ineffective assistance of counsel; Government breach; suppression and spoliation of evidence; and pressure from fear and threat.

Claims of ineffective counsel and Government breach are dispensed with above. Claims of suppression and spoliation of evidence by both the Government and trial counsel lack sufficient support. And, allegations of fear and threat, although present in the record, do not rise to a level to suggest the plea was involuntary. Both the Plea Agreement and the plea colloquy make efforts to ensure that Petitioner was not threatened or pressured into making the agreement. As Petitioner acknowledged through initial, signature, and testimony under oath that he understood the plea and did so under no coercion, the Court maintains that the Plea Agreement is voluntary and intelligent. As such, Petitioner's claims against its validity cannot be available for collateral attack.

13

For these same reasons, Petitioner's claims of factual and legal innocence do not stand. Petitioner pleaded guilty voluntarily and intelligently; these claims are outside the protections of collateral attack under § 2255, and the Fourth Circuit affirmed Petitioner's conviction on direct appeal.

**E. Sentence Was Within Maximum Imposed by Law**

Petitioner claims he is entitled to § 2255 relief on the grounds that his sentence was beyond the maximum imposed by law. As the Fourth Circuit noted in Petitioner's appeal, his appeal waiver provided that "Dinning waived his right to appeal any sentence within the statutory maximum or the manner in which the sentence was determined." *Dinning*, 576 Fed. Appx. at 151. Because Petitioner's plea was voluntary and intelligent, his appeal waiver is in effect, and he cannot challenge a sentence beyond the statutory maximum. Even so, Title 18, United States Code, Section 1343 provides that wire fraud carries a maximum imprisonment of twenty (20) years. Likewise, Title 18, United States Code, Section 1344 provides that bank fraud carries a maximum imprisonment of thirty (30) years. This Court imposed sentences of eighty (80) and seventy (70) months, respectively. Petitioner must serve the sentences consecutively for a total of one hundred fifty (150) months, less than the maximum statutory limit on either count.

Next, Petitioner alleges his sentence was incorrectly calculated, and required notice pursuant to Rule 32 of the Federal Rules of Criminal Procedure. "Barring extraordinary circumstances, however, an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding." *United States v. Pregent*, 190 F.3d 279, 283-84 (4th Cir. 1999). Furthermore, the Fourth Circuit recognized that Petitioner's "assertions that his sentence is procedurally and substantively unreasonable fall squarely within the scope of the appellate waiver and are precisely the arguments his appellate waiver contemplated." *Dinning*, 576 Fed.

14

Appx. at 152. Because Petitioner's sentence is within the statutory maximum and his Plea Agreement waived the right to appeal "any sentence within the statutory maximum . . . (or the manner in which that sentence was determined)," ECF No. 53, at 4, his motion is denied. Even so, there is no indication the Sentencing Guidelines were incorrectly calculated, the upward variance improper, or the manner flawed.

Any sentence, whether above, below, or within the Sentencing Guidelines, requires an individualized assessment; however, that assessment "need not be elaborate or lengthy." *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009). Furthermore, the reasons for a particular sentence do not need to be "couched in the precise language of § 3553(a)." *United States v. Moulden*, 478 F.3d 652, 658 (4th Cir. 2007). Rather, the court's reasons need only be "matched to a factor appropriate for consideration," and "clearly tied to [Petitioner's] particular situation." *Id.* The Supreme Court affords "due deference to the District Court's reasoned and reasonable decision." *Gall v. United States*, 552 U.S. 38, 59-60 (2007). Now that the Sentencing Guidelines are not mandatory, "neither the Government nor the defendant may place the same degree of reliance on the type of 'expectancy' that gave rise to a special need for notice. . . . Indeed, a sentence outside the Guidelines carries no presumption of unreasonableness." *Irizarry v. United States*, 553 U.S. 708, 713-14 (2008) (quoting *Gall*, 552 U.S. at 51). Additionally, "the rule does not apply to 18 U.S.C. § 3553 variances by its terms." *Id.* at 714.

Petitioner claims that the Court incorrectly imposed an upward departure prohibited by U.S.S.G. § 5K2.0(d)(3). Petitioner argues that his Plea Agreement stipulated he did not have an aggravating role under the Sentencing Guidelines. ECF No. 53, at 3. However, that Plea Agreement is not binding on the Court. Additionally, the agreement provided notice that the Court may impose a sentence above or below the advisory range subject only to a review of

reasonableness. *Id.* The court exercised its authority under § 3553(b) to impose a sentence

outside of the advised range due to "aggravating or mitigating circumstances of a kind, or to a

degree, not adequately taken into consideration by the Sentencing Commission." In doing so,

"the court shall consider only the sentencing guidelines, policy statements, and official

commentary of the Sentencing Commission." *Id.* The Court did so, justifying its decision under

Sentencing Guidelines Sections 5K2.0 and 5K2.12, that due to concerns of aggravating

circumstances, coercion, and duress in the record, the Sentencing Guidelines could not

adequately take into consideration acts of Petitioner. *See* ECG No. 79; ECF No. 96, at 7.

     Additionally, as the Court's decision included in its reasoning factors of § 3553(a)

outside of the advised sentencing range, it is not a "departure" in terms of the Sentencing

Guidelines, but a "variance." *See* U.S. SENTENCING GUIDELINES MANUAL § 1B1.1 cmt.

background (U.S. SENTENCING COMM'N 2014) (explaining that a "variance" classification is

determined by its timing in the step-by-step analysis of the Sentencing Guidelines); *see also*

*Dinning*, 576 Fed. Appx. at 150-51 ("The district court imposed an upward variance sentence of

150 months."). These reasons included the need for deterrence, the highly educated background

of the Petitioner, and the need to provide restitution to the victims. Despite trial counsel's efforts

to include comparisons and avoid sentence discrepancies, those comparable cases did not reflect

the number of victims to and lengths of Petitioner's scheme, or the likely permanent financial

loss those victims face. ECF No. 96, at 7-8. For the above reasons, the sentence imposed is a

variance, not subject to notice, and substantively reasonable.

     Petitioner incorrectly claims that the Sentencing Guidelines require sentences on multiple

counts of conviction to run concurrently. Sentencing Guidelines Section 5G1.2(b) states that "the

court shall determine the total punishment and shall impose that total punishment on each such

count." If the court determines "the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." U.S.S.G. § 5G1.2(d). The Court believed that the Sentencing Guidelines did not provide a sufficient sentence for the particular Petitioner under § 3553(a) and warranted the consecutive sentence. Although the Court imposed consecutive upward variance sentences, the total punishment was below the statutory maximum imposed for either count. As such, the Court's decision was justified in its decision to impose consecutive sentences.

Petitioner's claims of incorrect enhancements and loss calculations also fail. First, the Court did not apply a two-point charitable organizations enhancement. Even so, although the Court did consider Petitioner's abuse of his victims' charitable wishes in issuing an upward variance, this issue has been decided on direct review by the Fourth Circuit and is not available to collateral attack. *See Dinning*, 576 Fed. Appx. at 151; *Boeckenhaupt*, 537 F.2d at 1183. Second, Petitioner's allegations that the Court used judge-found facts not admitted by defendant nor found by a jury in imposing the sophisticated means enhancement are flawed. The Court found sufficient support for the sophisticated means enhancement in the record, including but not limited to Petitioner's highly educated background, status as a practicing attorney dealing specifically with international tax and funds, and abuse of trust of his victims. Finally, Petitioners claims that the loss amount calculation was incorrect also fail. Petitioner agreed to the loss enhancement in the Plea Agreement without objection. ECF No. 53, at 3. Also, Petitioner's claims that victims did not suffer an actual loss because their payments were charitable donations

17

and partial payment for Petitioner's services are contrary to the record, as Petitioner admitted to his fraud counts in the Statement of Facts. ECF No. 54.

**F. Petitioner's Case Will Not Be Reassigned and A Hearing Is Denied**

Petitioner's motion for reassignment is denied as it is unnecessary for further proceedings in this case. Because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," Petitioner's request for a hearing is denied. 28 U.S.C. § 2255(b). Consequently, reassignment to a new judge is denied. Allegations of judicial shopping and ex parte communications by the Government are not sufficiently established in the record. The recusal of judges in the record reflects the proper application of Title 28, United States Code, Section 455, which mandates any justice or judge disqualify himself in the event impartiality may be questioned. Judge Davis recused himself because he knew a particular witness and worried the number may grow as the proceedings advanced. ECF No. 18, at 136-43. The other district court judges did the same, leaving Judge Raymond A. Jackson as the last available district judge to adjudicate this case in the Norfolk division. Petitioner has not stated a meritorious reason to have the case assigned to another judge. Additionally, there is no factual basis for allegations of ex parte communications. Accordingly, reassignment to a new judge and a hearing on this § 2255 Petition is denied.

## IV. CONCLUSION

Petitioner failed to demonstrate that he is entitled to relief under § 2255 and his motion to vacate, set aside, or correct sentence is denied. Petitioner failed to establish deficient assistance or prejudice so as to demonstrate ineffective assistance of counsel. Petitioner did not establish a First Amendment violation so as to render his judgment vulnerable to collateral attack under § 2255(b). Although outside the bounds of a § 2255 collateral attack, Petitioner failed to establish

that his plea was not voluntary and intelligent, nor that he was legally and factually innocent. Finally, despite Petitioner's plea and appeal waiver, he asserted his sentence was above the statutory maximum, incorrectly calculated, and imposed without proper notice. For the reasons detailed above, this is not the case. Because the case and facts in the record conclusively show Petitioner is not entitled to relief, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, ECF No. 106, and Petitioner's Motion for Reassignment to a New Judge, ECF No. 108, in relation to criminal case 2:12CR84 are **DENIED**. Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, ECF No. 96, and Petitioner's Motion for Reassignment to a New Judge, ECF No. 98, in relation to criminal case 2:12CR140 are also **DENIED**.

Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, the Court **DECLINES** to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. *Miller-El v. Cockrell*, 123 S.Ct. 1029, 1039 (2003).

The Court **ADVISES** Petitioner that he may appeal by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia. Said written notice must be received by the Clerk within sixty (60) days from the date of this Order. In addition, the Court **DIRECTS** the Clerk to send a copy of this Order to the parties and counsel of record.

**IT IS SO ORDERED**

Raymond A. Jackson
United States District Judge

Norfolk, Virginia
July 20, 2016.